IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA D. RILEY                                                                                       PLAINTIFF

vs.                                Civil No. 4:12-cv-04025

CAROLYN COLVIN                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melissa Riley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for DIB on January 2, 2009. (Tr. 10, 97-100). Plaintiff alleged she was disabled due to COPD, adrenal gland tumor, and herniated disc in back. (Tr. 116). Plaintiffs alleged an onset date of March 24, 2008. (Tr. 116). Plaintiff's DIB application was denied initially and at the reconsideration levels. (Tr. 54-56, 59-63).

Plaintiff then requested an administrative hearing on her application. (Tr. 64). This hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

was held on June 15, 2010 in Texarkana, Arkansas. (Tr. 28-51). Plaintiff was present and was represented by counsel, Charles Padgham at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *See id*. On the date of this hearing, Plaintiff was thirty-four (34) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had obtained a GED. (Tr. 31).

On September 20, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-19). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 24, 2008. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, asthma, non-insulin diabetes dependent mellitus, hypertension, and obesity. (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of light work. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff had PRW as a supply clerk and poultry processor. *Id*. The ALJ determined

2

Plaintiff was unable to perform her PRW. *Id.*  However, the ALJ then used Medical-Vocational Guidelines Rule 201.28 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27. (Tr. 19, Finding 10). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 95). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 14, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 14, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7,8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination and (B) the ALJ erred in his credibility determination. ECF No. 7, Pgs. 2-7. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 8. Because this Court finds the ALJ erred in his RFC determination of Plaintiff, this Court will only address this issue.

Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Defendant argues the ALJ properly determined the Plaintiff's RFC. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,*

228 F.3d 860, 862 (8th Cir. 2000).

If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs *other than the strength demands*." 20 C.F.R. § 404.1569a(a)(emphasis added). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1)

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). The ALJ found Plaintiff had the RFC for the full range of light work. (Tr. 13). Based on the finding that Plaintiff could perform the full range of light work, the ALJ did not seek the testimony of a VE to support his RFC determination. However the RFC determination is not supported by substantial evidence because of the existence of nonexertional limitations as discussed below.

On March 26, 2008, Plaintiff was seen by Dr. Thomas Jones and complained of lower left

6

back pain radiating down her hip and into her left leg. (Tr. 234). On April 25, 2008, Plaintiff underwent a lumbar MRI examination. (Tr. 256). The MRI revealed an impression of a left lateral disc protrusion at L3-4 causing mild to moderate narrowing of the left neural foramen, as well as a small left lateral disc protrusion at L4-5 causing mild narrowing of the left-sided neural foramen. *Id.*

On referral from Dr. Jones, Plaintiff was seen by neurosurgeon Dr. Lee Buono on May 12, 2008. (Tr. 167-168). Dr. Buono indicated Plaintiff complained of left sided leg pain, numbness, weakness and back pain which started in March 2008. *Id*. Plaintiff complained of radiating pain from the back, to the left leg and into the left knee. *Id.* Dr. Buono reviewed the lumbar MRI as showing a canal stenosis at L3-4 with a far lateral disk herniation compressing the existing L3 nerve root and he considered this the cause of her symptoms. *Id.* Based on the neurologic symptoms, Dr. Buono recommended surgery with left far lateral lumbar laminectomy and diskectomy. *Id.* According to Dr. Buono, surgery was recommended to avoid permanent neurological deficits or worsening deficits. *Id.*

On May 30, 2008, Plaintiff was admitted for surgery, but it was canceled because Plaintiff had difficulty breathing. (Tr. 197). Surgery was attempted again on June 3, 2008, however it was cancelled due to Plaintiff's breathing difficulties that would have required the surgery to be performed in a prone position which was deemed too risky. (Tr. 181-182). Finally, Plaintiff was admitted again for surgery on November 13, 2008. (Tr. 170-177). This third attempt was also cancelled due to breathing problems. *Id.*

There is no indication in the record that Plaintiff's condition, which required surgery, has changed. Plaintiff testified at her hearing that she continues to have back pain and numbness in her leg. (Tr. 35). Certainly Plaintiff's back condition is one which would include nonexertional limits

7

of difficulty functioning due to pain and difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.

After reviewing the record, this Court finds the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC.  When the ability to perform a full range of work for a particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work.  *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998).  In this matter, the ALJ did question a VE on the Plaintiffs PRW, but did not pose a hypothetical question to the VE.

Based on the above, substantial evidence does not support the ALJ's finding that Plaintiff has the RFC to perform the full range of light duty work.  This matter should be remanded for the purpose of addressing Plaintiff's nonexertional limitations and, if needed, the testimony of a VE regarding the effect of all such limitations on the availability of work for the Plaintiff.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of May 2013.**

> /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.